Fred Douglas WHEELER, Appellant,

v.

The STATE of Texas, Appellee.

No. 42675.

Court of Criminal Appeals of Texas.

March 25, 1970.

Rehearing Denied May 13, 1970.

Don Metcalfe, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, and Harry J. Schulz, Asst.

Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The appeal is from a conviction for burglary, with punishment assessed at 5 years in the penitentiary.

The indictment alleged the burglary of a house occupied and controlled by Horace Alridge with intent to commit theft. Trial was before a jury on a plea of not guilty. At appellant's option the punishment was assessed by the court.

The sole ground of error complains that the evidence is insufficient to sustain the conviction.

The court charged on circumstantial evidence and submitted appellant's defense of alibi.

Viewed in the light most favorable to the state, the evidence reflects the following:

Horace Alridge closed and locked his barber shop between 10:00 P.M. and midnight. Between 3:00 and 3:30 A.M. Dallas Police Officer C. R. Benningfield found that the front door of Horace's Barber Shop was open and a window "looked like it had been forced up" and determined that the building had been burglarized and various coin operated machines had been broken into. As the result of a conversation with a cab driver at the scene of the burglary, he and Officer Carl West drove to a nearby cafe near which they observed appellant carrying a waste basket or trash basket containing various barber supplies and found 51 quarters, one dime and a nickel in appellant's possession.

Appellant was taken to the barber shop where they were met by Horace Alridge who testified that he had been called by the police and when he arrived he went into his barber shop to see what had been taken and found that "practically all the barber tools, clippers, razors, and combs

were missing." He identified the waste basket as his and testified that "Practically all of the clippers, razors and combs in it he recognized as having come out of his barber shop and was his corporeal personal property." He further testified that the barber shop was his business house which he controlled, both as owner and manager; that he did not give anyone permission to break into or take the property from the barber shop.

Appellant's contention that the evidence is insufficient is bottomed upon the premise that the evidence as a whole fails to reflect that the property stolen from the barber shop which was found in appellant's possession at the time of his arrest was taken "during the burglary" and not previously. We find no merit in such contention.

The judgment is affirmed.